■ CHARLOTTE J. SCHMIDLAPP, Appellant-Respondent, v THEODORE E. SCHMIDLAPP, Respondent-Appellant. [632 NYS2d 593] —In an action for divorce and ancillary relief, the wife appeals from stated portions of a judgment of the Supreme Court, Nassau County (Ain, J.), dated October 18, 1993, which, *inter alia*, awarded the husband a 15% share of the proceeds from the intended sale of an unimproved parcel of real property, and the husband cross-appeals from the same judgment.

Ordered that the cross-appeal is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the husband is awarded one bill of costs.

Contrary to the wife's contention, the court did not err by

awarding the husband a 15% share of the proceeds from the intended sale of an unimproved lot. Although the unimproved lot was the wife's separate property prior to the marriage, she transferred title to the property to herself and the husband as tenants in the entirety after they were married. Thus, the character of the property was changed from separate to marital property (*see, Coffey v Coffey*, 119 AD2d 620, 622).

The wife's remaining contentions are either without merit or unpreserved for appellate review. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.

**28** TIBOR SCHONFELD, Respondent, v BARRY BRODY, Appellant. [632 NYS2d 797] —In an action, *inter alia*, to recover the proceeds of a loan, the defendant appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated February 15, 1994, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $75,000.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiff brought this action against the appellant, his former son-in-law, for the return of $75,000 that the plaintiff had loaned the appellant in April 1988 in order to purchase a Carvel ice-cream store. The jury found that the appellant had breached his promise to repay the plaintiff and that he had committed fraud in doing so.

The appellant contends that the trial court erred by permitting the plaintiff to offer rebuttal testimony. We disagree. Whether rebuttal evidence should be permitted rests within the sound discretion of the trial court, and its determination should not be disturbed on appeal absent an improvident exercise of discretion (*see, Saleh v Sears, Roebuck & Co.*, 119 AD2d 652; *see also, Feldsberg v Nitschke*, 49 NY2d 636, 643). The court in this case did not improvidently exercise its discretion by permitting the plaintiff to explain on rebuttal that he was receiving medical treatments and taking medication that caused him to become confused and to suffer from memory lapses. It does not appear that the probative value of this testimony about the plaintiff's illness and use of medication was outweighed by its potential prejudice to the appellant (*see, e.g., Kish v Board of Educ.*, 76 NY2d 379).

The trial court did not err by permitting the plaintiff to amend the pleadings to conform to the proof that he gave the appellant the $75,000 in one installment rather than two. The appellant, who has consistently denied the loan, made no showing that the inconsistency between the pleadings and the proof

hindered him in preparing his case or prevented him from taking some measure in support of his position (*see, Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23).

The appellant's contention that an interested witness charge should have been given with respect to the plaintiff's nephew is without merit. There was no showing that the plaintiff's nephew had any interest, financial or otherwise, in the outcome of the case (*see, Coleman v New York City Tr. Auth.*, 37 NY2d 137, 142-143; *Perrin v Winne*, 123 AD2d 610). Moreover, the appellant was not entitled to a missing-witness charge with respect to his ex-wife, the plaintiff's daughter (*see, People v Erts*, 73 NY2d 872, 874; *Eagle Pet Serv. Co. v Pacific Empls. Ins. Co.*, 175 AD2d 471, 473).

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Friedmann, JJ., concur.