■ JOLANTA GEISEL, Appellant, v FREDERICK GEISEL, Respondent. [659 NYS2d 511] —In an action for a divorce and ancillary relief, the plaintiff wife appeals (1), as limited by her brief, from stated portions of a judgment of the Supreme Court, Rockland County (Weiner, J.), entered March 26, 1996, which, after a nonjury trial, *inter alia,* distributed the marital property, and (2) from an order of the same court, dated March 29, 1996, which fixed her award of counsel fees.

Ordered that the judgment is modified, on the law and the facts, by deleting the provisions thereof which awarded the husband as his separate property Vanguard Windsor II Fund Account No. 9840173813, held in both parties' names, and 1,057 shares of stock of the General Motors Corporation, held in both parties' names, and substituting therefor provisions deeming such assets to be marital property to be divided equally between the parties; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is affirmed, without costs or disbursements.

During the trial, the husband, who handled the parties' investments during the marriage, gave detailed testimony as to numerous transactions. Although the parties stipulated many assets to be marital property, the husband testified that certain assets acquired during the marriage were his separate property, in that they were either inherited or purchased from funds traceable to the inheritance *(see,* Domestic Relations Law § 236 [B] [1] [d] [1]). We agree with the wife's contention that the court erred in awarding the husband as his separate

property Vanguard Windsor II Fund Account No. 9840173813, and 1,057 shares of General Motors stock.

The husband testified at trial that the Vanguard Windsor II Fund was purchased with proceeds from the sale of stocks that he inherited and that the stock in the General Motors Corporation was traceable to inherited shares. He argued that although the assets were commingled with marital property, the source of the funds was traced with sufficient particularity to rebut the presumption that they were marital property (see, Pullman v Pullman, 176 AD2d 113, 114). However, by placing the assets in both parties' names as joint tenants with the right of survivorship, the husband evinced an intent to transform the character of the property from separate to marital (see, Schmidlapp v Schmidlapp, 220 AD2d 571).

The trial court did not improvidently exercise its discretion in its award of counsel fees (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881; Levine v Levine, 179 AD2d 625, 626).

The wife's remaining contentions are without merit. Miller, J. P., Ritter, Joy and Krausman, JJ., concur.