■ Viola T. Imhof, Respondent-Appellant, v William J. Imhof, Appellant-Respondent. [686 NYS2d 825] —In an action for a divorce and ancillary relief, (1) the defendant husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Suffolk County (McNulty, J.), entered April 7, 1998, which, *inter alia*, after a nonjury trial, (a) directed that the balance of the net proceeds remaining from the sale of the marital residence be divided equally between the parties, (b) awarded the plaintiff wife a credit in the sum of $116,250 for her separate property contribution to the parties' business and awarded him a credit in the sum of only $100,000 for his separate property contribution, and (c) directed him to pay the sum of $210.56 per week for child support retroactive from January 19, 1993, to December 30, 1997, and (2) the plaintiff wife cross-appeals, as limited by her brief, from stated portions of the same judgment, which, *inter alia*, directed that the defendant husband shall (a) retain ownership of the residence in Alford, Massachusetts, (b) receive the money held in escrow by his attorney, and (c) receive the sum of $3,000 from the monthly mortgage payments until he has received a full credit in the sum of $62,852.84 for his separate property contribution to the parties' business.

Ordered that the judgment is modified by (1) deleting the provision thereof directing the defendant husband to pay the sum of $210.56 per week for child support retroactive from January 19, 1993, to December 30, 1997, (2) deleting the provision thereof directing that the defendant husband shall retain ownership of the residence in Alford, Massachusetts, and (3) deleting the provision thereof directing that the defendant husband shall receive the money held in escrow by his attorney and shall receive the sum of $3,000 from the monthly mortgage payments until he has received a full credit in the sum of $62,852.84 for his separate property contribution to the parties' business; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court Suf-

folk County for a redetermination of the defendant husband's child support obligation and the plaintiff wife's share in the appreciation of the value of the property in Alford, Massachusetts.

The court properly distributed the proceeds of the sale of the marital residence. While a spouse may be entitled to a share of the appreciation in the value of the marital residence (*see,* Domestic Relations Law § 236 [B] [1] [d] [3]), he or she must demonstrate the manner in which his contributions resulted in the increase in value and the amount of the increase which was attributable to his or her efforts (*cf., Elmaleh v Elmaleh,* 184 AD2d 544; *Fitzgibbon v Fitzgibbon,* 161 AD2d 619). Here, in addition to her contributions as a homemaker and mother, the wife contributed equally to the maintenance of the home during the 20-year marriage (*see, Lagnena v Lagnena,* 215 AD2d 445).

In light of the fact that funds from joint accounts were contributed to the maintenance and improvement of the Alford, Massachusetts residence, the appreciation in value of the property constituted marital property in which the wife was entitled to share (*see, Hartog v Hartog,* 85 NY2d 36).

The husband is not entitled to the court's award of $62,852.84, representing a portion of his separate property contributions to the parties' business. Separate property can be transmuted into marital property when the actions of the titled spouse demonstrate his intent to transform the character of the property from separate to marital (*see, Geisel v Geisel,* 241 AD2d 442; *Schmidlapp v Schmidlapp,* 220 AD2d 571). Here, there is every indication that the husband intended to comingle his funds by depositing the proceeds of the sale of his separate property into joint accounts and by sharing the proceeds for family and business purposes (*see, Geisel v Geisel, supra; Schmidlapp v Schmidlapp, supra*).

However, the court erred in failing to give the husband credit toward his child support obligation for sums paid for college expenses during the time that his son was living away from home and attending Arizona State University. While the court's direction to the husband to pay a proportionate share of college expenses was proper (*see,* Domestic Relations Law § 240 [1-b] [c] [7]; *Justino v Justino,* 238 AD2d 549; *Reinisch v Reinisch,* 226 AD2d 615), the court failed to credit him for the amounts he contributed to the costs of that education when the child lived away from home while attending college (*see, Justino v Justino, supra; Reinisch v Reinisch, supra*).

The husband's remaining contentions are without merit. Bracken, J. P., Sullivan, Friedmann and Florio, JJ., concur.