■ LORI SWIFT, Respondent, v CRAIG SWIFT, Appellant. [688 NYS2d 211] —In a matrimonial action in which the parties were divorced by a judgment dated March 15, 1995, the defendant former husband appeals from (1) an order of the Supreme Court, Nassau County (O'Brien, J.), dated December 20, 1996, which granted the plaintiff former wife's application for counsel fees and disbursements in the sum of $43,855.69, and (2) a judgment of the same court, dated December 26, 1996, which was in favor of the plaintiff and against him in the principal sum of $43,855.69.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff moved pursuant to Domestic Relations Law §§ 244 and 245, *inter alia,* to enforce the terms of the parties' stipulation of settlement, which was incorporated but not merged in the judgment of divorce. In view of the defendant's acknowledgment that he did not comply with his financial obligations set forth in the judgment until after the motion for enforcement was served, and the evidence that such failure was willful, the Supreme Court properly determined that the plaintiff was entitled to an award of counsel fees pursuant to Domestic Relations Law § 237 (c) (*see, Matter of Croce v Croce,* 236 AD2d 646; *Vicinanzo v Vicinanzo,* 233 AD2d 715; *Goldfarb v Goldfarb,* 175 AD2d 275). The award of disbursements was within the court's discretion (*see,* Domestic Relations Law § 238).

Furthermore, contrary to the defendant's contention, the amount of counsel fees awarded was reasonable and appropriate under the circumstances (*see generally, Matter of Potts,* 213 App Div 59, 62, *affd* 241 NY 593; *see also, Matter of Freeman,* 34 NY2d 1; *Willis v Willis,* 149 AD2d 584).

The defendant's remaining contentions are without merit. O'Brien, J. P., Joy, Krausman and Goldstein, JJ., concur.