■ MARIA PAPANDREA, Appellant, v EUGENE PAPANDREA et al., Respondents. [695 NYS2d 377] —In an action for a divorce and ancillary relief, which was consolidated with an action by the wife against the husband and his parents to recover damages for a fraudulent conveyance, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Richmond County (Harkavy, J.), dated February 25, 1998, which, after a nonjury trial, distributed the marital property, in effect, denied her application for equitable distribution of the proceeds of sale of the marital residence, awarded counsel fees, and dismissed the causes of action to recover damages for a fraudulent conveyance.

Ordered that the judgment is modified by deleting the provision thereof which, in effect, denied the plaintiff's application for equitable distribution of the proceeds of the sale of the marital residence, and substituting therefor a provision granting the application and directing that the defendant Eugene Papandrea pay $39,818.53 to the plaintiff, representing one-half of the proceeds of sale of the marital residence; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred by, in effect, denying the plaintiff's application for equitable distribution of the proceeds of the sale of the marital residence. Although the plaintiff received the proceeds, she used virtually all of the proceeds to satisfy outstanding judgments against the defendant Eugene Papandrea (hereinafter the defendant), which had been entered against the defendant because of his consistent failure to comply with his pendente lite obligations. The plaintiff is entitled to be compensated for her expenditure of her share of the proceeds in order to satisfy the defendant's judgments, and we modify the judgment to provide that the defendant pay $39,818.53 to the plaintiff, representing one-half of the proceeds.

Contrary to the plaintiff's contention, the court did not decline to award child support. The court continued the pendente lite child support award of $100 per week, and we find no basis to disturb that determination.

The court properly dismissed the plaintiff's causes of action to recover damages for a fraudulent conveyance, since she failed to meet her burden of proof (see, Debtor and Creditor Law §§ 272, 276; Marine Midland Bank v Murkoff, 120 AD2d 122).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Krausman, Florio and Feuerstein, JJ., concur.