■ MARY A. FREDDOLINO, Appellant-Respondent, v RALPH FREDDOLINO, Respondent-Appellant. [700 NYS2d 857] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Orange County (Benson, J.H.O.), dated May 28, 1998, which, *inter alia,* valued the marital property at $282,331, and determined that her share was only $58,815.85, and the defendant husband cross-appeals, as limited by his brief, from so much of the judgment as determined that the

plaintiff's share of the marital property was $58,815.85, and awarded the plaintiff maintenance.

Ordered that the judgment is modified by (1) deleting therefrom the third, fourth, and sixth decretal paragraphs and substituting therefor provisions (a) valuing the marital property at $262,351, and (b) awarding the plaintiff $140,425.50 as her share of the marital property, and (2) adding thereto a provision directing the defendant to maintain the marital real estate until either he purchases the plaintiff's interest in it or it is turned over to a receiver for sale; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the defendant shall pay $140,425.50 to the plaintiff within 60 days from the service upon him of a copy of this decision and order with notice of entry; and it is further,

Ordered that in the event that the defendant fails to pay $140,425.50 to the plaintiff within 60 days from the service upon him of a copy of this decision and order with notice of entry, the plaintiff may enter a judgment in her favor and against the defendant for any unpaid amounts and directing the receiver to immediately sell the six parcels of real estate designated as marital property in paragraph 22 of the "Findings of Fact and Conclusions of Law" dated May 28, 1998, and give to the plaintiff the first $140,425.50 of the proceeds.

This long-term marriage of over 26 years which produced four children was an economic partnership in which the plaintiff served at all times as a homemaker and primary caretaker of the children. The plaintiff was also, in effect, a partner in the defendant's real estate business for a significant part of the time, thereby enabling him to operate it successfully for many years. Under these circumstances, the plaintiff is entitled to a 50% interest in the net value of the six parcels of real estate found by the Supreme Court to constitute marital property. The record also demonstrates that any appreciation in the value of the defendant's two separate parcels of real estate which were gifts from his father (hereinafter the separate parcels) resulted in part from the expenditure of marital funds and the plaintiff's role in the economic partnership. Thus, the plaintiff is also entitled to a 50% share of the appreciation of the separate parcels which took place during the marriage. There was a finding by an expert that the combined net value of the eight parcels was $322,331, and we see no reason to disturb that finding (*see generally, Hartog v Hartog,* 85 NY2d 36; *Imhof v Imhof,* 259 AD2d 666).

The defendant is entitled to a deduction for the value of the

separate parcels at the time they were given to him. The appropriate values to use in making that deduction are the cost bases of those parcels, as determined by the experts, of $33,710 for one parcel, and $26,270 for the other parcel, totalling $59,980. This leaves a net value for distribution of $262,351, or $131,175.50 for each party. The conclusions in the appraisal submitted by Barbara White as to the value of the separate parcels are without foundation, and we decline to accept them.

We disagree with the Supreme Court that a deduction should be made for the plaintiff's purported failure to cooperate with the defendant in the sale of the house in Goshen, Connecticut. There is insufficient proof in the record of an offer to buy the Goshen house for $350,000 as the proposed agreement was, in effect, no more than a one-year rental with an option to buy.

The plaintiff correctly contends that she is entitled to one half, or $4,250, of the net proceeds of $8,500 which the parties stipulated they received from the sale of the Goshen house and which were originally placed in escrow and used for the payment of the maintenance owed to the plaintiff (see, e.g., Papandrea v Papandrea, 264 AD2d 767). Moreover, we also find that, considering the parties' respective economic positions, the plaintiff is entitled to counsel fees of $5,000. We have accordingly adjusted the plaintiff's award to $140,425.50 ($131,175.50 + $4,250 + $5,000).

We further agree with the plaintiff that the Supreme Court failed to make adequate provision for the maintenance of the marital real estate pending settlement of ownership or sale thereof. While there is no indication in the record that the income generated from the real estate would not cover the maintenance costs during the potential 60-day period set out in this order and/or during a receivership, if any, to the extent any such deficiency does prove to exist before or after this order, the defendant, due to the relative strength of his financial status, is responsible for the payment of such deficiency.

The parties' remaining contentions are without merit. S. Miller, J. P., Ritter, Florio and H. Miller, JJ., concur.