■ TOMMASO DIACO, Appellant, v MARIA DIACO, Respondent. [717 NYS2d 635] —In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) from a decision of the Supreme Court, Westchester County (Shapiro, J.), entered March 31, 1999, and (2), as limited by his brief, from stated portions of a judgment of the same court, dated June 11, 1999, which, *inter alia*, distributed certain funds to the defendant as marital assets and distributed the value of the marital residence.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, *Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

ORDERED that the judgment is modified, as a matter of

discretion in the interest of justice, by reducing the defendant's distributive award with respect to the marital residence from $72,250, to $50,667; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate amended judgment.

The Supreme Court properly found that the plaintiff comingled separate funds with marital funds, and that he failed to overcome the presumption that those assets available for distribution constituted marital property (*see, Judson v Judson,* 255 AD2d 656, 657; *Saasto v Saasto,* 211 AD2d 708, 709; *Kirshenbaum v Kirshenbaum,* 203 AD2d 534; *Carney v Carney,* 202 AD2d 907, 908).

There is no merit to the plaintiff's contention that the Supreme Court erred in accepting the testimony of the defendant's expert that the marital residence was worth $152,000. Evaluating the credibility of the respective witnesses and determining which of the proffered evidence was more credible are primarily matters committed to the sound discretion of the Supreme Court (*see, Ferraro v Ferraro,* 257 AD2d 596, 598; *Matter of Adirondack Hydro Dev. Corp. [Warrensburg Bd. & Paper Corp.],* 205 AD2d 925, 926).

However, in the exercise of our factual review power, we modify the defendant's equitable share in the marital residence from $72,250 to $50,667 to properly reflect the plaintiff's contributions to that asset, and the parties' circumstances. We note that the house was purchased by the plaintiff and his father in 1966, and was placed in the parties' names in 1979. The plaintiff, by placing the marital residence in both names, changed the character of the property to marital property (*see, Schmidlapp v Schmidlapp,* 220 AD2d 571). However, each item of marital property need not be distributed on an equal basis (*see, Coffey v Coffey,* 119 AD2d 620). In view of the plaintiff's contributions of separate property, and the circumstances of the parties, an award to the defendant of one-third of its value is appropriate (*see, Butler v Butler,* 171 AD2d 89; *Denholz v Denholz,* 147 AD2d 522).

We note that the determination that the award of pendente lite maintenance "shall continue only until such time as the wife receives her full distributive award" was superseded by the provision of the judgment which terminated maintenance. Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.