ELLEN DERMIGNY, Appellant, v NICHOLAS DERMIGNY, Respondent. [805 NYS2d 577]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Queens County (Strauss, J.), dated July 2, 2004, which, after a nonjury trial, inter alia, (1) denied

her spousal maintenance, (2) awarded the defendant the sum of $44,000 representing one half of the value of her interest in real property located in Southampton, New York, and deducted that sum from her share of the parties' joint brokerage account, (3) deducted the sum of $12,377 from her share of the parties' joint brokerage account representing her one-half share of the marital debt, and (4) awarded her only 10% of the defendant's unexercised 192,000 Muriel Siebert stock options, and placed those options in a trust.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the provision thereof denying the plaintiff's request for spousal maintenance and substituting therefor a provision awarding her spousal maintenance in the sum of $3,000 per month for a period of five years, (2) deleting the provision thereof awarding the defendant the sum of $44,000 representing one half of the value of the plaintiff's interest in real property located in Southampton, New York, and substituting therefor a provision awarding the defendant the sum of $6,505 representing his share of the marital funds used for the upkeep of the property, and (3) deleting the provision thereof deducting the sum of $12,377 from the plaintiff's share of the parties' joint brokerage account representing her one-half share of the marital debt; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff should have been granted durational spousal maintenance to enable her to become self-supporting based on the great disparity in the parties' expected earnings and their potential assets, as well as the lifestyle enjoyed during the marriage (see *Hartog v Hartog,* 85 NY2d 36 [1995]; *Palumbo v Palumbo,* 10 AD3d 680 [2004]; *Bains v Bains,* 308 AD2d 557 [2003]; *Klein v Klein,* 296 AD2d 533 [2002]; *Chalif v Chalif,* 298 AD2d 348 [2002]; *Love v Love,* 250 AD2d 739 [1998]).

In the absence of evidence that the plaintiff intended to transform her separate interest in the Southampton property into marital property (see *D'Elia v D'Elia,* 14 AD3d 477 [2005]; *Schmidlapp v Schmidlapp,* 220 AD2d 571 [1995]; cf. *Imhof v Imhof,* 259 AD2d 666 [1999]; *Geisel v Geisel,* 241 AD2d 442 [1997]), the Supreme Court should have determined that this property remained the plaintiff's separate property (see Domestic Relations Law § 236 [B] [1] [d] [1]; *Pelletier v Pelletier,* 242 AD2d 325 [1997]; *Wilcox v Wilcox,* 233 AD2d 565 [1996]). The defendant should receive a credit for one half of the sum of payments he made during the marriage for the upkeep of this property.

The defendant should not, however, have been granted a

credit for alleged marital debt paid after the commencement of this action in the absence of any documentary evidence in support thereof (see *Phillips v Phillips,* 249 AD2d 527, 528 [1998]).

The stock options issued to the defendant which were exercised before the commencement of the action, which were reduced to cash and commingled with other marital assets, were marital property that both parties helped to create during the marriage and expected to enjoy at a later date (see *DeLuca v DeLuca,* 97 NY2d 139 [2001], citing *DeJesus v DeJesus,* 90 NY2d 643 [1997]; *Olivo v Olivo,* 82 NY2d 202 [1993]). Thus, the Supreme Court properly directed the distribution of the net proceeds from this asset at the rate of 50% to each party.

The plaintiff's remaining contentions are without merit. Adams, J.P., Luciano, Skelos and Lifson, JJ., concur.