■ MARIANNE MIDY, Appellant, v EMMANUEL MIDY, Respondent. [846 NYS2d 220]—

In an action for a divorce and ancillary relief, the wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Brandveen, J.), entered July 6, 2006, which, upon a decision of the same court dated March 31, 2006, made after a nonjury trial, awarded the husband 50% of her enhanced earning capacity, in effect, determined that certain real property located in Coral Springs, Florida was marital property, and directed that such property be sold and that the net proceeds from the sale be divided equally by the parties.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting from the fifth decretal paragraph thereof the words "the parties shall equally divide the net proceeds from the sale" and substituting therefor the words "the plaintiff shall receive an equitable dis-

tribution credit in the amount of $216,238.58 from the net proceeds of the sale, with the remainder of the net proceeds of the sale to be divided equally between the parties," and (2) by deleting from the seventh decretal paragraph thereof the words "the defendant is awarded 50% of the plaintiff's enhanced earning capacity in the amount of $140,500.00" and substituting therefor the words "the defendant is awarded 25% of the plaintiff's enhanced earning capacity in the amount of $70,250.00 "; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The wife contends that the Supreme Court erred in awarding the husband 50% of her enhanced earning capacity as a result of her attainment of a master's degree in speech pathology during the course of the marriage. The wife testified that the husband did not ever look after their child while she was studying for her master's degree, nor did he ever assist her in any way in her attainment of her master's degree. While both parties agreed that they hired a babysitter to care for the child while the wife was in school, the husband testified that, although he continued to work full time while the wife was in school, he cared for the parties' child during the time when he was not working, relieved the wife of her household chores so that she could study, maintained the household, took the child to school and activities, and assisted the wife with her studies, as he had a similar background in special education. There was no evidence that the husband sacrificed any career opportunities during the time the wife was pursuing her degree. Under the circumstances of this case, we find that the husband's contributions did not warrant an award of 50% of the wife's enhanced earning capacity (cf. *Lipsky v Lipsky,* 276 AD2d 753 [2000]; *Vainchenker v Vainchenker,* 242 AD2d 620 [1997]; *Rosenberg v Rosenberg,* 155 AD2d 428 [1989]; *Cohen v Cohen,* 104 AD2d 841 [1984]), and that an award of 25% of the wife's enhanced earning capacity is appropriate.

With respect to the property located in Coral Springs, Florida, the record is undisputed that the property in question was purchased by the parties in 1997 for the sum of $270,000 subject to a mortgage in the approximate sum of $243,000, which both parties executed. In 1998 the wife received the sum of $500,000 as a gift from her family, which the husband concedes was her separate property. That sum was deposited in a joint bank account of the parties in January of 1998. On February 2, 1998, the sum of $216,238.58 was withdrawn from that account and utilized to pay off the then remaining balance of the mortgage on the Coral Springs property. Since the wife acknowledged that

she deposited the funds in question into this joint account with the specific intention that the funds should belong to the husband in the event of her death, the Supreme Court did not err in concluding that the wife evinced an intent to change the character of such funds from separate to marital property (*see Geisel v Geisel,* 241 AD2d 442, 443 [1997]; *Schmidlapp v Schmidlapp,* 220 AD2d 571 [1995]; *Coffey v Coffey,* 119 AD2d 620, 622 [1986]).

Once the asset in question has been properly designated as marital property, it must be equitably distributed (*see* Domestic Relations Law § 236 [B] [5] [c]). However, not all marital property must be distributed in the same manner or in the same percentage, as different equities or different credits may pertain to different assets (*see Arvantides v Arvantides,* 64 NY2d 1033 [1985]; *Monks v Monks,* 134 AD2d 334 [1987]). In the instant case, since the parties conceded that the monies for the mortgage payoff originally derived from the wife's separate property, and said funds remained in the joint account for an exceedingly brief period of time (i.e., excluding the possibility of significant enhancement due to the economic partnership of the parties), it was an improvident exercise of discretion for the Supreme Court to, in essence, deny the wife a proper credit in the sum of $216,238.58 for her financial contribution to this asset (*see Wade v Steinfeld,* 15 AD3d 390 [2005]; *Murphy v Murphy,* 4 AD3d 460 [2004]; *Pauk v Pauk,* 232 AD2d 386, 390 [1996]). Accordingly, we modify the judgment of divorce to reflect this credit to the wife, after which the division of the remainder of the net proceeds of the sale of the Coral Springs property shall be divided equally between the parties. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.