LOUIS LORIA, Appellant, v MICHELLE LORIA, Respondent.
[848 NYS2d 681]—

In an action for a divorce and ancillary relief, the plaintiff appeals, (1), as limited by his notice of appeal and brief, from so much of a judgment of the Supreme Court, Nassau County (Stack, J.), entered February 1, 2006, as, after a nonjury trial, awarded the defendant the sum of $161,200 representing her equitable share of the marital property and directed him to pay this amount in 60 monthly payments of $2,686.67 each, and (2), as limited by his brief, from so much of an order of the same court entered August 31, 2006, as granted those branches of the defendant's motion which were for (a) a money judgment to the extent of directing him to pay arrears due under the judgment of divorce, and (b) an award of an attorney's fee, and denied his cross motion to vacate so much of the judgment as awarded the defendant the sum of $161,200, representing her equitable share of the marital property and directed him to pay this amount in 60 monthly payments of $2,686.67 each, for a hearing on his ability to pay, and for an award of an attorney's fee.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof awarding the defendant the sum of $161,200, representing her equitable share of the marital property and directing the plaintiff to pay this amount in 60 monthly payments of $2,686.67 each and substituting therefor a provision awarding the defendant the sum of $68,000, representing her equitable share of the marital property and

directing the plaintiff to pay this amount in 36 monthly payments of $1,888.89 each; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements; and it further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties had been married for four years when this matrimonial action was commenced in 2003. At the time of the marriage, the plaintiff, a widower, was the father of four unemancipated children from his previous marriage. The parties did not have children together. Four months after the marriage, the parties purchased the marital residence for the sum of $240,000, using $100,000 from the proceeds of the sale of the plaintiff's previous residence, and financing the balance.

During the marriage, the defendant was a full-time homemaker and caregiver for the plaintiff's four children, handling all household duties, and supervising extensive renovations of the marital residence. In 2003 the plaintiff heavily refinanced the marital residence, which was worth $450,000 at the time of trial, and used the proceeds to purchase a rent-producing property worth $316,000 at the time of trial.

Following a nonjury trial, the Supreme Court, by judgment entered February 1, 2006, equitably distributed both the marital residence and the rental property, subtracted the plaintiff's separate property contributions and certain mortgage indebtedness, awarded the defendant 40% of the value of the real property, and directed the plaintiff to pay a distributive award to the defendant in the sum of $161,200 in 60 monthly payments of $2,686.67 each. In an order dated August 31, 2006, the Supreme Court, inter alia, directed the plaintiff to pay arrears due under the judgment and awarded an attorney's fee to the defendant. We modify the judgment, and affirm the order insofar as appealed from.

In determining equitable distribution, the trial court is directed to consider statutory factors, including the income and property of each party at the time of the marriage, and at the time of commencement of the divorce action, the duration of the marriage, the age and health of the parties, any maintenance award, and the nontitled spouse's direct or indirect contributions to the marriage, including "services as a spouse, parent, wage earner and homemaker" (Domestic Relations Law § 236 [B] [5] [d] [6]; see Holterman v Holterman, 3 NY3d 1, 8 [2004]; Price v Price, 69 NY2d 8, 11 [1986]). Equitable distribution presents issues of fact to be resolved by the trial court and should not be disturbed on appeal unless shown to be an im-

provident exercise of discretion (*see Scartozzi v Scartozzi*, 32 AD3d 1008, 1009 [2006]; *Sebag v Sebag*, 294 AD2d 560 [2002]).

In light of the defendant's significant and undisputed contributions to the marriage, the Supreme Court properly exercised its discretion in awarding her 40% of the marital assets (*see Palermo v Palermo*, 34 AD3d 548, 550 [2006]; *Patricia B. v Steven B.*, 186 AD2d 609, 611 [1992]; *cf. Lekutanaj v Lekutanaj*, 234 AD2d 429 [1996]), after giving certain separate property credits to the plaintiff. Moreover, as the Supreme Court properly found, the plaintiff's separate funds used for the improvement of the marital residence or commingled with marital accounts lost their character of separateness (*see Geisel v Geisel*, 241 AD2d 442, 443 [1997]; *Schmidlapp v Schmidlapp*, 220 AD2d 571, 572 [1995]), and became marital property subject to equitable distribution (*see Shapiro v Shapiro*, 35 AD3d 585 [2006]; *Penna v Penna*, 29 AD3d 970 [2006]; *Diaco v Diaco*, 278 AD2d 358, 359 [2000]; *Imhof v Imhof*, 259 AD2d 666 [1999]).

However, mortgages and debts incurred during the marriage constitute joint obligations which are the responsibility of both parties (*see Matter of Monier v Monier*, 20 AD3d 537 [2005]; *Rubin v Rubin*, 262 AD2d 390 [1999]; *Gelb v Brown*, 163 AD2d 189, 191 [1990]). We agree with the plaintiff's contention that the Supreme Court failed to hold the defendant fully accountable for the mortgage liability in determining her distributive share. Accordingly, after adding the market value of the marital property ($766,000) and deducting therefrom the sum of $436,000 ($350,000 indebtedness on the marital residence plus $86,000 from a line of credit used by the plaintiff to renovate the rental property), and taking into account the plaintiff's separate property credits as found by the trial court ($160,000), the defendant's 40% distributive share with respect to the realty amounts to $68,000, and we modify the judgment accordingly.

In light of the plaintiff's admission that he failed to comply with the terms of the judgment until after the motion for enforcement was served, and the evidence that such failure was willful, the Supreme Court properly found that the defendant was entitled to an award of an attorney's fee (*see* Domestic Relations Law § 237 [c]; *Kahn v Oshin-Kahn*, 43 AD3d 253, 256 [2007]; *Marren v Marren*, 11 AD3d 291 [2004]). Furthermore, contrary to the plaintiff's contention, the amount awarded was reasonable and appropriate (*see Swift v Swift*, 260 AD2d 466 [1999]).

The plaintiff's remaining contentions are without merit or have been rendered academic by our determination. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.