In an action for a divorce and ancillary relief, the defendant former husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Garvey, J.), dated March 3, 2011, which, upon an amended decision of the same court dated January 31, 2011, made after a nonjury trial, inter alia, (a) awarded the plaintiff former wife maintenance in the amount of $1,000 per month for a period of five years, retroactive to January 13, 2006, with payments commencing on January 1, 2011, and ending on December 1, 2015, (b) failed to deduct his maintenance payments from his income before calculating his child support obligation, (c) failed to award him a separate property credit with regard to the marital residence, (d) determined that a certain parcel of real property *648 he purchased in Bloomfield, New Jersey, prior to the marriage was marital property and thereupon awarded the plaintiff 30% of the appreciation of that property, and (e) awarded the plaintiff 30% of the appreciation of the interest he held in his business from the date of the marriage. The notice of appeal from the amended decision dated January 31, 2011, is deemed to be a notice of appeal from the judgment (see CPLR 5512 [a]).
Ordered that the judgment is modified, on the facts, (1) by reducing the amount awarded to the plaintiff for her distributive interest in the defendant’s business from the sum of $70,000 to the sum of $63,000, (2) by reducing the amount awarded to the plaintiff for her distributive interest in real property located at 89 East Main Street, Stony Point, New York, from the sum of $42,810 to the sum of $41,815.48, (3) by increasing the amount awarded to the plaintiff for her distributive interest in real property located at 91 East Main Street, Stony Point, New York, from the sum of $108,374 to the sum of $108,376.15, and (4) by increasing the amount awarded to the plaintiff for her distributive interest in real property located at 162 Belleville Avenue, Bloomfield, New Jersey, from the sum of $52,923 to the sum of $54,900; as so modified, the judgment is affirmed insofar as appealed from, with costs to the plaintiff.
The plaintiff former wife and the defendant former husband were married on August 17, 1996. They have two children, ages 12 and 13. Shortly before the birth of their first child, the defendant became the sole source of financial support for the family. The plaintiff was a stay-at-home mother throughout the marriage. She commenced this action for a divorce and ancillary relief in January 2006.
The parties were divorced by judgment dated March 3, 2011. The plaintiff was awarded, inter alia, maintenance in the amount of $1,000 per month for a period of five years, retroactive to January 13, 2006, with payments commencing on January 1, 2011; 50% of the value of the marital residence and other real property acquired during the marriage; 30% of the appreciation of a certain parcel of real property acquired by the husband before the marriage; and 30% of the appreciation of the husband’s businesses.
The Supreme Court providently exercised its discretion in determining an appropriate maintenance award. “ ‘ “[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts” ’ ” (DiBlasi v DiBlasi, 48 AD3d 403, 404 [2008], quoting Griggs v Griggs, 44 AD3d 710, 711 [2007], quoting Wortman v Wortman, 11 AD3d 604, 606 *649 [2004]). “ ‘In determining the appropriate amount and duration of maintenance, the court is required to consider, among other factors, the standard of living of the parties during the marriage and the present and future earning capacity of both parties’ ” (DiBlasi v DiBlasi, 48 AD3d at 404, quoting Haines v Haines, 44 AD3d 901, 902 [2007]; see Domestic Relations Law § 236 [B] [6] [a]). While the Supreme Court properly found that the plaintiff was capable of earning a living, “the wife’s ability to become self-supporting with respect to some standard of living in no way . . . obviates the need for the court to consider the predivorce standard of living” (Hartog v Hartog, 85 NY2d 36, 52 [1995] [citation omitted]; see Bean v Bean, 53 AD3d 718 [2008]). The maintenance award of $1,000 per month for a period of five years, retroactive to January 13, 2006, with payments commencing on January 1, 2011, and ending on December 1, 2015, will allow the plaintiff a reasonably sufficient time to become self-supporting (see Domestic Relations Law § 236 [B] [6] [a] [4]; Summer v Summer, 85 NY2d 1014 [1995]; Ruane v Ruane, 55 AD3d 586 [2008]; Griggs v Griggs, 44 AD3d 710, 712-713 [2007]; Palestra v Palestra, 300 AD2d 288, 289 [2002]).
The defendant’s contention that the annual amount of durational maintenance payments should have been deducted from his income in computing the amount of child support is without merit (see Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; Kerrigan v Kerrigan, 71 AD3d 737, 738 [2010]; Smith v Smith, 1 AD3d 870, 873 [2003]).
Considering the circumstances of the case, the Supreme Court providently exercised its discretion in awarding the plaintiff 30% of the appreciation of the defendant’s business interests from the date of the marriage (see Domestic Relations Law § 236 [B] [5] [d] [6], [13]). The appreciation of the value of a business during a marriage that would otherwise be separate property, “which is due in part to the indirect contributions or efforts of the other spouse as homemaker and parent,” is marital property (Price v Price, 69 NY2d 8, 11 [1986]).
Contrary to the defendant’s contention, the Supreme Court correctly denied his application to receive a credit for his separate property contribution to the down payment on the parties’ marital residence (see Romano v Romano, 40 AD3d 837, 838 [2007]). The defendant failed to meet his burden at trial of establishing that the funds for the down payment came from his separate funds.
The Supreme Court properly found that the income and expenses associated with a condominium located at 162 Belleville Avenue, Bloomfield, New Jersey, were commingled with marital *650 accounts, thereby losing their separate character (see Loria v Loria, 46 AD3d 768, 770 [2007]; Geisel v Geisel, 241 AD2d 442, 443 [1997]; Schmidlapp v Schmidlapp, 220 AD2d 571, 572 [1995]), and became marital property subject to equitable distribution (see Loria v Loria, 46 AD3d 768, 770 [2007]; Shapiro v Shapiro, 35 AD3d 585 [2006]; Penna v Penna, 29 AD3d 970 [2006]; Diaco v Diaco, 278 AD2d 358, 359 [2000]; Imhof v Imhof, 259 AD2d 666, 668 [1999]).
Pursuant to our authority under CPLR 5019 (a), we note that the Supreme Court incorrectly calculated the plaintiffs distributive interest in certain marital assets. The defendant’s business was appraised as being worth $40,000 at the time of the marriage and $250,000 at the time of the trial. Thus, the business appreciated by $210,000 over the course of the marriage, and the plaintiff’s 30% share amounts to $63,000, and not $70,000. The real property located at 89 East Main Street was appraised at $425,000, and it was encumbered by a mortgage of $341,369.05. Thus the equity in the property was $83,630.95, and the plaintiffs 50% share amounted to $41,815.48, and not $42,810. The real property located at 91 East Main Street was appraised at $410,000, and it was encumbered by a mortgage of $193,247.71. Thus, the equity in that property was $216,752.29, and the plaintiffs 50% share amounted to $108,376.15 and not $108,374. The real property located at 162 Belleville Avenue was appraised at $62,000 at the time of the parties’ marriage, and it was sold for $245,000. Thus, the property appreciated by $183,000 over the course of the marriage, and the plaintiffs 30% share of that amount is $54,900, and not $52,923. Accordingly, we modify the judgment to reflect the proper amounts of those awards. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.