SECOND DEPARTMENT, MARCH, 2016

(March 2, 2016)

■ CHERYL AHEARN, Respondent, v RICHARD AHEARN, Appellant. [26 NYS3d 566]—

Appeal from a judgment of divorce of the Supreme Court, Suffolk County (William J. Kent, J.), entered March 28, 2014. The judgment, insofar as appealed from, upon a decision dated October 17, 2013, made after a nonjury trial, awarded the plaintiff a separate property credit in the sum of $143,000 for separate funds used to purchase the marital residence.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In June 1996, the plaintiff purchased a house on Salem Street in Patchogue (hereinafter the Salem Street house). Approximately nine months later, the plaintiff and the defendant were married, and they lived together in the Salem Street house. In December 2004, the plaintiff sold the Salem Street house and used the net proceeds of approximately $143,000 from that sale toward the purchase, in March 2005, of a house in Holbrook (hereinafter the Holbrook house). Only the plaintiff's name was on the deed, but, at the time of trial, both parties were listed on the mortgage.

The plaintiff commenced this action for a divorce and ancillary relief in 2011, and the Supreme Court conducted a nonjury trial as to certain issues concerning equitable distribution. As relevant here, in a decision dated October 17, 2013, the court determined that the Salem Street house had remained the plaintiff's separate property until it was sold, and that the Holbrook house was marital property. On the issue of equitable distribution, the court determined that the plaintiff was entitled to a credit insofar as proceeds from the sale of her separate property were used to purchase the Holbrook house only three months later. Accordingly, the court gave the plaintiff a separate property credit of $143,000 in the Holbrook house. A judgment was entered upon the decision, and the defendant appeals, contending primarily that the court erred insofar as it awarded the plaintiff that separate property credit.

Marital property must be equitably distributed (*see* Domestic Relations Law § 236 [B] [5] [c]), but equitable distribution is not necessarily equal distribution. As this Court has explained, "not all marital property must be distributed in the same manner or in the same percentage, as different equities or different credits may pertain to different assets" (*Midy v Midy*, 45 AD3d 543, 545 [2007]; *see Arvantides v Arvantides*, 64 NY2d 1033, 1034 [1985]). Here, the Supreme Court correctly determined on the evidence before it that the Salem Street house was the plaintiff's separate property (*see Robinson v Robinson*, 133 AD3d 1185, 1187 [2015]; *Ceravolo v DeSantis*, 125 AD3d 113, 115-116 [2015]). Moreover, the court did not improvidently exercise its discretion in concluding that the plaintiff was entitled to a separate property credit for any separate property funds she used in the purchase of the Holbrook house. The evidence supports the court's determination that the plaintiff used $143,000 in separate property funds, which derived from the sale of the Salem Street house, in the purchase of the Holbrook house (*see Midy v Midy*, 45 AD3d at 544-545; *Wade v Steinfeld*, 15 AD3d 390, 391 [2005]).

The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal. Balkin, J.P., Hall, Roman and Maltese, JJ., concur.