# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1133**
**CA 16-00021**
PRESENT: SMITH, J.P., DEJOSEPH, CURRAN, AND SCUDDER, JJ.

---

PEGGYANN HART, PLAINTIFF-RESPONDENT,

V                                            MEMORANDUM AND ORDER

CHARLES R. HART, DEFENDANT-APPELLANT.
(APPEAL NO. 2.)

---

MITCHELL LAW OFFICE, OSWEGO (RICHARD C. MITCHELL, JR., OF COUNSEL),
FOR DEFENDANT-APPELLANT.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Oswego County
(Norman W. Seiter, Jr., J.), entered April 1, 2015. The judgment,
inter alia, equitably distributed the marital property of the parties.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the decretal paragraphs
directing equitable distribution of the marital property, and as
modified the judgment is affirmed without costs, and the matter is
remitted to Supreme Court, Oswego County, for further proceedings in
accordance with the following memorandum: In appeal No. 1, defendant
husband appeals from an order in which Supreme Court determined that
he willfully failed to obey two prior orders of the court and that
plaintiff wife willfully failed to obey the provisions of Domestic
Relations Law § 236 (B) (2) (b). The court also suspended judgment
against both parties. In appeal No. 2, defendant appeals from a
judgment of divorce that, inter alia, directed equitable distribution
of the marital property.

As a preliminary matter, we note that appeal No. 1 must be
dismissed. Defendant does not challenge the finding against him of
willful failure to obey the court's prior orders (*see Abasciano v
Dandrea*, 83 AD3d 1542, 1545), and he is not aggrieved by the finding
against plaintiff with respect to her willful failure to obey the
provisions of Domestic Relations Law § 236 (B) (2) (b) (*see* CPLR 5511;
*see also Stewart v Dunkleman*, 128 AD3d 1338, 1341, *lv denied* 26 NY3d
902).

We agree with defendant in appeal No. 2 that the court erred in
classifying as marital property a house he bought prior to the
marriage (hereafter, Seneca Hill Property). It was undisputed that
the Seneca Hill Property was purchased by defendant prior to the

marriage, and we conclude that it was not transmuted into marital property when the parties used it as the marital residence for approximately two years, or by virtue of defendant having used some of the sale proceeds therefrom to assist in funding the purchase of a new marital residence (*see* Domestic Relations Law § 236 [B] [1] [d] [1]; *Ahearn v Ahearn*, 137 AD3d 719, 720; *Rivera v Rivera*, 126 AD3d 1355, 1356).  Defendant was therefore entitled to a credit for his separate property contributions to the marital estate (*see Judson v Judson*, 255 AD2d 656, 657; *see also Maczek v Maczek*, 248 AD2d 835, 836-837).  We further conclude, however, that the appreciated value of the Seneca Hill Property that the court determined to be attributable to the contributions of plaintiff should have been classified as marital property (*see Robinson v Robinson*, 133 AD3d 1185, 1187; *Macaluso v Macaluso*, 124 AD3d 959, 961).  We thus vacate the decretal paragraphs of the judgment directing equitable distribution of the marital property, and we remit the matter to Supreme Court for a redistribution thereof consistent with our decision.

     We have reviewed defendant's other contentions in appeal No. 2 and conclude that they are without merit.

Entered:  December 23, 2016                    Frances E. Cafarell
                                              Clerk of the Court