Petkova v Radulovic (2018 NY Slip Op 05506)





Petkova v Radulovic


2018 NY Slip Op 05506


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2015-12157
 (Index No. 12527/11)

[*1]Penka Petkova, respondent, 
v
Zdravko Radulovic, appellant.


Z. M. Radulovic, sued herein as Zdravko Radulovic, White Plains, NY, appellant pro se.
Irene J. Goldsmith, White Plains, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from stated portions of a judgment of divorce of the Supreme Court, Westchester County (Susan M. Capeci, J.), entered November 9, 2015. The judgment of divorce, upon a decision of the same court dated January 16, 2015, made after a nonjury trial, inter alia, imputed income to the defendant in the sum of $80,000 per year in calculating his child support obligation.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 2002 and have one child. The defendant appeals from stated portions of their judgment of divorce relating to child support and equitable distribution.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in imputing income to him in the sum of $80,000 per year in calculating his child support obligation. A trial court is not bound by a party's own account of his or her finances, but may impute income based upon the party's past income and demonstrated future potential earnings (see Matter of Thomas v DeFalco, 270 AD2d 277, 278). Here, we agree with the court's determination to impute income to the defendant in the sum of $80,000 per year based upon his skills, education, employment history, and financial resources.
We also agree with the Supreme Court's determination to deny the defendant's application to receive a credit for his alleged separate property contribution of the down payment on the parties' cooperative apartment (see Horn v Horn, 145 AD3d 666, 667; Golden v Golden, 98 AD3d 647, 649; Romano v Romano, 40 AD3d 837, 838). The defendant failed to meet his burden at trial of establishing that the funds for the down payment came from his separate savings account.
The defendant's remaining contentions are without merit.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.

2015-12157 DECISION & ORDER ON MOTION
Penka Petkova, respondent, v Zdravko Radulovic,
appellant.
(Index No. 12527/11)

Cross motion by the respondent on an appeal from a judgment of divorce of the Supreme Court, Westchester County, entered November 9, 2015, inter alia, to strike the appellant's replacement appendix and replacement brief on the ground that they contain or refer to matter dehors the record. By decision and order on motion of this Court dated May 25, 2017, that branch of the cross motion which is to strike the appellant's replacement appendix and replacement brief was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the branch of the cross motion which is to strike the appellant's replacement appendix and replacement brief is granted to the extent that pages A380 through A394 of the replacement appendix are stricken and have not been considered in the determination of the appeal, and that branch of the cross motion is otherwise denied.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court