■ PETER C. KERRIGAN, Appellant, v CINDY A. KERRIGAN, Respondent. [896 NYS2d 443]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of (1) a judgment of the Supreme Court, Suffolk County (Kent, J.), dated April 28, 2008, and (2) an amended judgment of the same court dated February 19, 2009, which, upon decisions of the same court dated January 18, 2008, and November 28, 2008, respectively, made after a nonjury trial, (a) directed the plaintiff to pay the defendant a distributive award in the principal sum of $409,779.95, representing 35% of the value of the appreciation of the plaintiff's interest in his business during the marriage, (b) awarded the defendant child support in the sum of $1,442.31 per week, maintenance in the sum of $1,500 per week for a period of five years commencing on January 18, 2008, an attorney's fee in the sum of $90,428.41, and an additional attorney's fee in the sum $26,025.79, for fees incurred after the submission of a posttrial brief, and (c) failed to award him credits for martial funds allegedly depleted by the defendant, and for a mortgage on the parties' Florida condominium he allegedly satisfied with separate funds.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is modified, on the law and the facts, (1) by deleting the eleventh decretal paragraph thereof awarding the defendant an additional attorney's fee in the sum $26,025.79, and (2) by adding a provision thereto awarding the plaintiff a credit in the sum of $52,926.67; as so modified, the amended judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing on the defendant's application for an additional attorney's fee, and for the entry of a second amended judgment thereafter; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in awarding the defendant

35% of the value of the appreciation of the plaintiff's interest in his business during the marriage (*see Quinn v Quinn*, 61 AD3d 1067, 1069-1070 [2009]; *Schorr v Schorr*, 46 AD3d 351 [2007]; *cf. Higgins v Higgins*, 50 AD3d 852 [2008]). Moreover, the record supports the Supreme Court's determination of the value of the plaintiff's interest in the business, which was "within the range of the testimony presented" and rested "primarily on the credibility of expert witnesses and their valuation techniques" (*Wasserman v Wasserman*, 66 AD3d 880, 882 [2009]; *see Peritore v Peritore*, 66 AD3d 750 [2009]; *Ivani v Ivani*, 303 AD2d 639, 640 [2003]; *L'Esperance v L'Esperance*, 243 AD2d 446, 447 [1997]).

The award of maintenance to the defendant in the sum of $1,500 per week for a period of five years was appropriate (*see Kriftcher v Kriftcher*, 59 AD3d 392, 393-394 [2009]). The plaintiff's contention that the Supreme Court engaged in "double dipping" with respect to the award of maintenance is without merit, as the plaintiff's business constitutes a tangible, income-producing asset, rather than an intangible asset (*see Keane v Keane*, 8 NY3d 115, 119 [2006]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]).

The plaintiff's contention that the annual amount of durational maintenance payments should have been deducted from his income in computing the amount of child support is without merit (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Smith v Smith*, 1 AD3d 870, 873 [2003]).

The Supreme Court providently exercised its discretion in awarding the defendant an attorney's fee in the sum of $90,428.41, in light of the relative financial circumstances of the parties, the relative merits of their positions at trial, and the plaintiff's tactics in unnecessarily prolonging the litigation (*see* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879 [1987]; *Schek v Schek*, 49 AD3d 625, 626 [2008]; *Levy v Levy*, 4 AD3d 398, 398-399 [2004]; *cf. Griggs v Griggs*, 44 AD3d at 714).

However, the Supreme Court erred in awarding the defendant an additional attorney's fee in the sum $26,025.79 without conducting a hearing (*see Sheikh v Basheer*, 34 AD3d 670 [2006]; *Rienzi v Rienzi*, 23 AD3d 447, 449 [2005]). Moreover, the plaintiff established that he used separate funds of $52,926.67 to pay off the mortgage on the parties' condominium in Fort Myers Beach, Florida, and he was entitled to a credit for that amount.

The defendant's contention that the Supreme Court failed to direct the plaintiff to provide her with health insurance cover-

age cannot be considered because she did not cross-appeal from the amended judgment.

The parties' remaining contentions are without merit. Dillon, J.P., Florio, Leventhal and Roman, JJ., concur.