■ FRED WEINTRAUB, Appellant, v FERN WEINTRAUB, Respondent. [912 NYS2d 674]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Geller, Special Ref.), entered July 13, 2009, which, after a nonjury trial, inter alia, awarded the defendant maintenance in the sum of $3,000 per month until he retires, valued the parties' plumbing and fire sprinkler contracting company at $429,000, failed to award him a credit for certain purported overpayments of pendente lite support, failed to direct the defendant to reimburse him for certain expenditures made by the defendant from marital funds, determined that the Jefferson Life Insurance Policy was the defendant's separate property, and awarded the defendant an attorney's fee.

Ordered that the judgment is modified, on the law and the facts, by deleting the fifth decretal paragraph thereof determining that the Jefferson Life Insurance Policy was the defendant's separate property, and substituting therefor provisions adjudging the Jefferson Life Insurance Policy to be marital property,

and awarding the plaintiff a credit in the sum of $35,359.23, representing 50% of the net value of that life insurance policy; as so modified, the judgment is affirmed insofar as appealed from, with costs payable to the defendant, and the matter is remitted to the Supreme Court, Queens County, for the entry of an amended judgment.

The maintenance award to the defendant in the sum of $3,000 per month until the plaintiff retires was a provident exercise of the Supreme Court's discretion considering the circumstances of the case, including the parties' preseparation standard of living (*see* Domestic Relations Law § 236 [B] [6] [a]; *Sevdinoglou v Sevdinoglou*, 40 AD3d 959 [2007]). The award of an attorney's fee to the defendant was likewise proper (*see* Domestic Relations Law § 237; *Singer v Singer*, 16 AD3d 666 [2005]).

Contrary to the plaintiff's argument, the prohibition against double counting did not apply to the distribution of the parties' plumbing and fire sprinkler contracting company, which is a tangible, income-producing asset (*see Keane v Keane*, 8 NY3d 115, 119 [2006]; *Kerrigan v Kerrigan*, 71 AD3d 737, 738 [2010]; *Groesbeck v Groesbeck*, 51 AD3d 722, 723 [2008]; *Griggs v Griggs*, 44 AD3d 710, 713 [2007]). Nor did the Supreme Court err in accepting the opinion of the defendant's expert witness concerning the value of that company (*see Burns v Burns*, 84 NY2d 369, 375 [1994]; *Bricker v Bricker*, 69 AD3d 546, 547 [2010]).

The Supreme Court properly determined that the plaintiff's contention that he overpaid pendente lite support in a prior action for a divorce which was dismissed, should have been raised and resolved in that action, and therefore, that he was not entitled to a credit for the purported overpayment. We also agree with the Supreme Court's determination that the defendant did not wastefully dissipate asserts by paying the parties' daughter's graduate school expenses from marital funds (*see Raynor v Raynor*, 68 AD3d 835 [2009]). We decline to disturb the Supreme Court's determination not to credit the plaintiff for his withdrawal from marital funds of $100,000 paid to his mother. That determination was expressly based upon the finding that the plaintiff's unsubstantiated testimony that it was repayment of a loan used to pay a marital debt lacked credibility (*see Herzog v Herzog*, 18 AD3d 707, 708 [2005]).

We agree with the plaintiff, however, that the Supreme Court erred in determining that the Jefferson Life Insurance Policy on the defendant's parents, of which the defendant is the beneficiary, was the defendant's separate property. The policy was purchased during the marriage and the premiums were paid, in

part, with marital funds; it is, therefore, marital property (*see generally Fields v Fields*, 15 NY3d 158 [2010]). We modify the judgment accordingly and award the plaintiff a credit in the sum of $35,359.23, representing 50% of the net value of the policy.

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.