HENRY RUBIO, Appellant, v ROSEMARY RUBIO, Respondent. [938 NYS2d 807]

Although, generally, an evidentiary hearing to determine the appropriate amount of an attorney's fee should be conducted before the court grants an award of an attorney's fee (*see Matter of Hobenson v Tarnavsky*, 76 AD3d 560, 561 [2010]; *Kerrigan v Kerrigan*, 71 AD3d 737, 738 [2010]; *Sheikh v Basheer*,

34 AD3d 670 [2006]), the record demonstrates that the plaintiff waived his right to a hearing on this issue when he opposed that branch of the defendant's motion which was for an award of an attorney's fee (*see Messinger v Messinger*, 24 AD3d 631 [2005]; *Bengard v Bengard*, 5 AD3d 340, 341 [2004]; *cf. Janousek v Janousek*, 108 AD2d 782, 783 [1985]).

The plaintiff's contention regarding the belated submission of the defendant's net worth statement is without merit, and his remaining contention is not properly before this Court. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.