■ USHA SUTARIA, Respondent, v SAMIR SUTARIA, Appellant.
[2 NYS3d 124]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Nassau County (Palmieri, J.), dated November 5, 2012, which, upon granting the plaintiff's application pursuant to CPLR 3102 to preclude the defendant's valuation expert from testifying at trial, and upon a decision of the same court dated April 30, 2012, made after a nonjury trial, inter alia, (1) accepted the valuation report of the court-appointed expert, who valued the defendant's businesses, Ayush, LLC, and Dulari Corporation, at $1,185,000 and $1,004,000, respectively, (2) awarded the plaintiff a 25% distributive share of Ayush, LLC, and Dulari Corporation, (3) failed to evaluate the tax consequences of the equitable distribution of Ayush, LLC, and Dulari Corporation, (4) imputed income to the defendant in the sum of $350,000 per year, (5) awarded maintenance to the plaintiff in the sum of $52,000 per year for five years, (6) directed the defendant to pay health insurance costs for the plaintiff for the duration of the maintenance award, (7) determined that the plaintiff was the custodial parent of the parties' daughter for child support purposes, (8) directed the defendant to maintain life insurance to secure the maintenance and child support obligations, and (9) determined that the plaintiff had not conducted a money-lending business, and thus did not award the defendant a distributive share of that business.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in precluding his expert from testifying at trial. The defendant's expert was not disclosed to the plaintiff until the morning of the first day of trial, in violation of the court's directive as to disclosure of expert witnesses (see *Lucian v Schwartz*, 55 AD3d 687, 688 [2008]; *Schwartzberg v Kingsbridge Hgts. Care Ctr. Inc.*, 28 AD3d 463, 464 [2006]).

The defendant's contention that the Supreme Court erred in its calculation of the value of his two pharmacy businesses is without merit. The determination of the value of a business is a function properly within the fact-finding power of the court (see *Peritore v Peritore*, 66 AD3d 750 [2009]; *Sieger v Sieger*, 51 AD3d 1004 [2008]; *Daddino v Daddino*, 37 AD3d 518, 519 [2007]). Where the determination is within the range of the testimony presented, it will be accorded deference on appeal if it rests primarily on the credibility of expert witnesses and their valuation techniques (see *Peritore v Peritore*, 66 AD3d 750 [2009]; *Sieger v Sieger*, 51 AD3d 1004 [2008]; *Levine v Levine*, 37 AD3d 550, 552 [2007]). Contrary to the defendant's contention, no basis exists to disturb the court's determination that the court-appointed business evaluator was credible (see *Peritore v Peritore*, 66 AD3d at 752; *Levine v Levine*, 37 AD3d at 552).

The Supreme Court providently exercised its discretion in awarding the plaintiff 25% of the value of each of the defendant's businesses, Ayush, LLC, and Dulari Corporation. The award of 25% of the value of the businesses properly accounts for the plaintiff's direct and indirect contributions to the businesses, including her contributions as the primary caretaker for the parties' children, which allowed the defendant to focus on the businesses (see *Baron v Baron*, 71 AD3d 807, 809 [2010]; *Ventimiglia v Ventimiglia*, 307 AD2d 993, 994 [2003]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in imputing income to him in the sum of $350,000 per year. "A trial court is not bound by a party's account of his or her own finances, and where, as the Supreme Court properly found here, a party's account is not believable, the court is justified in finding a true or potential income higher than that claimed" (*Cusumano v Cusumano*, 96 AD3d 988, 989 [2012] [internal quotation marks omitted]; see *Scammacca v Scammacca*, 15 AD3d 382 [2005]). The income imputed to the defendant here was reflective of his past income and demonstrated earning potential (see *Siskind v Siskind*, 89 AD3d 832 [2011]; *Steinberg v Steinberg*, 59 AD3d 702 [2009]; *Scammacca v Scammacca*, 15 AD3d 382 [2005]).

The Supreme Court properly evaluated the factors set forth in Domestic Relations Law § 236 (B) (6), including the duration of the marriage, the plaintiff's age, and the present and future earning capacity of the plaintiff, in determining that the plaintiff was entitled to a maintenance award of $52,000 per year for five years (*see Noto v Noto*, 94 AD3d 1069, 1070 [2012]; *Schorr v Schorr*, 46 AD3d 351 [2007]). Nor did the court err in directing the defendant to pay the plaintiff's health insurance costs for the duration of the maintenance award (*see* Domestic Relations Law § 236 [B] [8] [a]; *Noto v Noto*, 94 AD3d at 1070).

Contrary to the defendant's contention, because his businesses constituted tangible income-producing assets, the Supreme Court did not err in awarding the plaintiff a distributive share of those businesses in addition to maintenance (*see Keane v Keane*, 8 NY3d 115, 122 [2006]; *Shah v Shah*, 100 AD3d 734 [2012]; *Weintraub v Weintraub*, 79 AD3d 856 [2010]; *Kerrigan v Kerrigan*, 71 AD3d 737 [2010]; *Griggs v Griggs*, 44 AD3d 710 [2007]).

The Supreme Court correctly directed the defendant to maintain life insurance in the plaintiff's favor to secure his obligation to pay the maintenance and child support awards (*see* Domestic Relations Law § 236 [B] [8] [a]; *Hymowitz v Hymowitz*, 119 AD3d 736 [2014]; *Miceli v Miceli*, 78 AD3d 1023, 1026 [2010]). The Supreme Court also providently exercised its discretion in appointing a receiver to direct the sale of the marital residence and directing that the proceeds of the sale be held in escrow, pending final payments of debts and the distributive award (*see* CPLR 5106; *Bennett v Bennett*, 112 AD3d 1108 [2013]).

Contrary to the defendant's contention, the Supreme Court properly declined to make a distributive award of the plaintiff's alleged money-lending business due to the insufficient evidence of the existence and value of such business (*see Antoian v Antoian*, 215 AD2d 421 [1995]).

The defendant's remaining contentions are without merit. Skelos, J.P., Balkin, Austin and Barros, JJ., concur.