■ HETAL NAIK, Appellant, v SHEETAL NAIK, Respondent. [3 NYS3d 405]—

In an action for a divorce and ancillary relief, the plaintiff appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Scheinkman, J.), dated October 11, 2012, which directed him to pay the defendant maintenance in the sum of $2,000 per month from August 1, 2012, and continuing until the earlier of the defendant's remarriage, the defendant's attainment of the age of eligibility to collect Social Security retirement benefits, or the plaintiff's death, and awarded the defendant child support in the sum of $1,612 per month.

Ordered that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof directing the plaintiff to pay the defendant maintenance until the earlier of the defendant's remarriage, the defendant's attainment of the age of eligibility to collect Social Security retirement benefits, or the plaintiff's death, and substituting therefor a provision awarding the defendant maintenance until the earlier of the defendant's remarriage, 17 years from August 1, 2012, or the plaintiff's death; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

"[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]). In awarding maintenance, "the court must consider the reasonable needs of the recipient spouse and the preseparation standard of living in the context of the other factors enumerated in Domestic Relations Law § 236 (B) (6) (a)" (*Chalif v Chalif*, 298 AD2d 348, 348 [2002]).

The factors to be considered in awarding maintenance include "the standard of living of the parties during the marriage, the income and property of the parties, the distribution of marital property, the duration of the marriage, the health of the parties, the present and future earning capacity of both parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance" (*Kret v Kret*, 222 AD2d 412, 412 [1995]; *see* Domestic Relations Law § 236 [B] [6] [a]).

In light of the parties' long marriage and the defendant's subordination of her career to care for the parties' child and maintain the marital home, the Supreme Court properly awarded the defendant maintenance in the sum of $2,000 per month. However, the determination to award maintenance until the time the defendant is eligible to collect Social Security retirement benefits was an improvident exercise of discretion. Maintenance is designed, among other things, to encourage the recipient spouse to gain economic independence (*see Griggs v Griggs*, 44 AD3d 710, 712 [2007]), while ensuring that the reasonable needs of that spouse are met. Thus, maintenance should continue only as long as "would provide the recipient with enough time to become self-supporting" (*Bains v Bains*, 308 AD2d 557, 559 [2003]). Here, the defendant was 40 years old at the time of trial, her son was in high school, and she ran a small business. In light of these and other circumstances presented in the record, we conclude that limiting the duration of the plaintiff's maintenance obligation until the earlier of the defendant's remarriage, 17 years from August 1, 2012, or the plaintiff's death is adequate to give the defendant a reasonable period of time, as well as an incentive, to obtain employment and/or training, and become self-supporting (*see Zaretsky v Zaretsky*, 66 AD3d 885, 889 [2009]; *Kriftcher v Kriftcher*, 59 AD3d 392, 393-394 [2009]).

Contrary to the plaintiff's contention, the Supreme Court did not err in failing to deduct maintenance from the plaintiff's income in computing the amount of the child support award (*see Golden v Golden*, 98 AD3d 647 [2012]; *Kerrigan v Kerrigan*, 71 AD3d 737, 738 [2010]). Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur.