Marybeth Palydowycz, Appellant, v Severin Palydowycz, Respondent. [29 NYS3d 479]—

Appeal from a judgment of the Supreme Court, Orange County (Lawrence H. Ecker, J.), dated May 16, 2013. The judgment, insofar as appealed from, upon an order of that court dated December 3, 2012, granting that branch of the defendant's motion which was to deny the plaintiff any distributive award based upon the value of his medical practices and interest in an ambulatory surgical center, denied the plaintiff a distributive share of those assets.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was to deny the plaintiff any distributive award based upon the value of his medical practices and interest in an ambulatory surgical center is denied, the order dated December 3, 2012, is vacated, and the matter is remitted to the Supreme Court, Orange County, for further proceedings in accordance herewith, and for the entry of an appropriate amended judgment thereafter.

The parties in this action for a divorce and ancillary relief were married in 1989, and have two children, who were 19 and 17 years old at the time of trial. The defendant is an eye surgeon who owns two medical practices located in Middletown, New York, and Milford, Pennsylvania, respectively. The defendant also owns a 9.7561% interest in an ambulatory surgical center. During the marriage, the plaintiff was the primary caretaker of the parties' children, and did not work outside of the home.

Trial of the action began in December 2011, and continued over several adjourned dates. On April 6, 2012, in the midst of the trial, the parties entered into an open court stipulation resolving the issues of maintenance and child support. Pursuant to the stipulation, the defendant agreed to pay the plaintiff the sum of $14,000 per month for a period of six years. The parties further agreed that the defendant's payments would be denominated as spousal maintenance, although they were also intended to satisfy the defendant's child support obligation.

The defendant subsequently moved, inter alia, to deny the plaintiff any distributive award based upon the value of his medical practices and interest in the ambulatory surgical center. In support of his motion, the defendant contended that such an award would constitute impermissible double counting of his income because his stipulated support obligation was based upon his full 2010 income of approximately $1,000,000.

While the motion was pending, the trial resumed and the

plaintiff presented the testimony of an expert accountant. The plaintiff's expert used an income approach to value the defendant's medical practices and interest in the ambulatory surgical center. This valuation approach considers the income generated by an asset over a period of time, and then capitalizes the income stream by use of a capitalization rate to reflect the value of the asset. Applying this approach, the plaintiff's expert concluded that the combined value of the two medical practices was $1,830,000, and that the value of the defendant's 9.7561% interest in the surgical center was $638,000.

In an order dated December 3, 2012, the Supreme Court (Ecker, J.) granted that branch of the defendant's motion which was to deny the plaintiff any distributive award based upon the value of his medical practices and interest in the ambulatory surgical center. The Supreme Court reasoned that awarding the plaintiff a distributive share of these assets would constitute double counting because the income stream the plaintiff's expert used to value the defendant's medical practices and interest in the ambulatory surgical center was the same income stream used to determine his maintenance obligation. The Supreme Court added that its discretion to award the plaintiff a distributive share of these assets in addition to maintenance had been "permissibly taken away" by the parties' stipulation. The plaintiff now appeals from so much of the ensuing judgment of divorce as denied her a distributive share of the defendant's medical practices and interest in the ambulatory surgical center.

The rule against double counting applies where the projected earnings used to value an intangible asset, such as a professional license, are also used to calculate a maintenance award (*see Keane v Keane*, 8 NY3d 115, 121 [2006]; *Grunfeld v Grunfeld*, 94 NY2d 696, 704 [2000]). However, "[i]t is only where '[t]he asset is totally indistinguishable and has no existence separate from the [income stream] from which it is derived' that double counting results" (*Keane v Keane*, 8 NY3d at 122, quoting *Grunfeld v Grunfeld*, 94 NY2d at 704). In *Keane*, the Court of Appeals cautioned against applying a bright line rule that "any income-producing asset distributed as marital property may not also be considered a source of income for maintenance purposes" (8 NY3d at 121). In this regard, the *Keane* court explained that any valuation of an income-producing property, such as the rental property at issue in that case, necessarily takes into account the income-producing capacity of the property (*see id.*). Thus, "[t]o prevent any income derived from any income-producing property from being 'double

counted' would . . . significantly limit the trial court's considerable discretion in equitably distributing marital property and awarding maintenance" (*id.*).

In cases decided by this Court subsequent to the Court of Appeals' decision in *Keane*, we have repeatedly concluded that distributing a party's business and awarding maintenance based upon the income earned from that business does not constitute impermissible double counting because a business is a tangible, income-producing asset (*see Sutaria v Sutaria*, 123 AD3d 909 [2014]; *Shah v Shah*, 100 AD3d 734 [2012]; *Weintraub v Weintraub*, 79 AD3d 856 [2010]; *Kerrigan v Kerrigan*, 71 AD3d 737 [2010]; *Groesbeck v Groesbeck*, 51 AD3d 722 [2008]). We also extended this rationale to the distribution of a medical practice in *Griggs v Griggs* (44 AD3d 710, 713 [2007]), wherein we stated that the rule against double counting "does not apply where, as here, the asset to be distributed is a 'tangible income-producing asset,' rather than an intangible asset, such as a professional license, the value of which can only be determined based on projected earnings."

Here, the defendant's medical practices, which employ other individuals including several doctors, and his interest in an ambulatory surgical center, are not intangible assets which are "totally indistinguishable" from the income stream upon which his maintenance obligation was based (*Keane v Keane*, 8 NY3d at 122), and the valuation method used by the plaintiff's expert to determine the fair market value of these assets does not change their essential nature. Accordingly, the Supreme Court erred in concluding that it had no discretion to award the plaintiff any distributive share of the value of these assets because the parties considered the defendant's entire 2010 income in reaching a stipulation as to his maintenance obligation. To the extent that *Rodriguez v Rodriguez* (70 AD3d 799 [2010]) is inconsistent with our determination, it should no longer be followed.

Since the Supreme Court granted that branch of the defendant's motion which was to deny the plaintiff any distributive award based upon the value of his medical practices and interest in the ambulatory surgical center before the trial was completed, the defendant had no opportunity to present evidence pertaining to the value of these assets. Accordingly, we remit the matter to the Supreme Court, Orange County, for completion of the trial on the issue of the equitable distribution of the defendant's medical practices and interest in the ambulatory surgical center, and for a new determination on the issue of equitable distribution and the entry of· an appropriate amended judgment thereafter.

We note that the parties agreed to a maintenance award without addressing the equitable distribution of the defendant's medical practices and his interest in the ambulatory surgical center. The better practice would have been for the parties to evaluate those assets and consider their value as tangible assets subject to distribution before agreeing to a permanent amount of maintenance, child support, and other expenses, together with a distributive award. Nevertheless, the Supreme Court retains discretion to consider the value of the defendant's medical practices and his interest in the ambulatory surgical center, together with the agreed upon maintenance award, in arriving at an equitable distribution of this marital property. Eng, P.J., Hall, Roman and Duffy, JJ., concur.