Culen v Culen (2018 NY Slip Op 00541)





Culen v Culen


2018 NY Slip Op 00541


Decided on January 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2014-06313
2015-00757
2015-00929
2015-10066
 (Index No. 1239/09)

[*1]Beata Culen, respondent-appellant, 
v
Matthew Culen, appellant-respondent.


Martin & Colin, P.C., White Plains, NY (William Martin of counsel), for appellant-respondent.
Joan Iacono, Bronxville, NY (Barbara Martensson of counsel), for respondent-appellant.



DECISION & ORDER
Appeals by the defendant from (1) stated portions of a judgment of divorce of the Supreme Court, Westchester County (Charles D. Wood, J.), dated May 2, 2014, (2) an order of that court dated December 17, 2014, (3) an order of that court dated December 19, 2014, and (4) an amended order of that court (Janet C. Malone, J.) dated August 28, 2015, and cross appeal by the plaintiff from the judgment of divorce. The judgment of divorce, insofar as appealed from, upon an amended decision of that court dated September 25, 2013, made after a nonjury trial, inter alia, awarded the plaintiff maintenance and equitably distributed the parties' marital property. The order dated December 17, 2014, after a hearing, directed the defendant to pay an attorney's fee in the sum of $20,000 to the plaintiff. The amended order, insofar as appealed from, denied that branch of the defendant's motion which was, in effect, to vacate the order dated December 17, 2014.
ORDERED that the cross appeal from the judgment of divorce is dismissed as abandoned; and it is further,
ORDERED that the appeals from the orders dated December 17, 2014, and December 19, 2014, and the amended order are dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The cross appeal by the plaintiff from the judgment of divorce must be dismissed as abandoned, because the appellate brief submitted by the plaintiff does not request modification or reversal of any portion of the judgment cross-appealed from. Additionally, the appeal by the defendant from the order dated December 19, 2014, also must be dismissed as abandoned, since the defendant's appellate brief does not request modification or reversal of any portion of that order.
The defendant's appeals from the order dated December 17, 2014, and the amended order must be dismissed because the order dated December 17, 2014, and the portion of the amended [*2]order appealed from were superseded by a money judgment of the Supreme Court, Westchester County, dated May 3, 2016 (see Culen v Culen, ____AD3d____ [Appellate Division Docket No. 2016-05955; decided herewith]). The issues raised on the appeals from the order dated December 17, 2014, and the amended order are brought up for review and have been considered on the companion appeal from the money judgment.
The parties were married in August 1982. During the marriage, the defendant owned and operated Hudson Marine, Inc. (hereinafter Hudson), a diving services company, while the plaintiff was a full-time mother and homemaker. In January 2009, after 26 years of marriage, the plaintiff commenced this action for a divorce and ancillary relief. In September 2012, the parties entered into a stipulation of undisputed facts resolving issues relating to the equitable distribution of certain marital property. Pursuant to that stipulation, the parties agreed, inter alia, that the value of Hudson upon commencement of the action was $421,000, and that the value of the marital residence upon commencement of the action was $508,000. The parties also agreed to equally divide the marital portion of the defendant's New York City District Council of Carpenters Pension Fund (hereinafter the defendant's pension) by a qualified domestic relations order (hereinafter QDRO) pursuant to the Majauskas formula (Majauskas v Majauskas, 61 NY2d 481), and to equally divide the value of the defendant's New York City Counsel of Carpenters Annuity (hereinafter the defendant's annuity) accumulated from August 7, 1982, to January 22, 2009, by QDRO, plus or minus gains and losses, not including contributions made after January 22, 2009, or gains or losses on contributions made after January 22, 2009.
A nonjury trial was held on the remaining issues of equitable distribution of the marital property and maintenance. The Supreme Court issued an amended decision after trial, and subsequently a judgment, inter alia, awarding the marital residence to the defendant, with a credit to the plaintiff in the amount of $254,000, awarding Hudson to the defendant, with a credit to the plaintiff in the amount of $105,250, and awarding the plaintiff maintenance for a total of eight years commencing on the date of the amended decision after trial, in the amount of $2,200 per month for the first five years, and $1,000 per month for the last three years. The court declined to award the defendant a separate property credit in the sum of $77,500 as to the purchase of the marital residence. The court distributed the defendant's pension and the defendant's annuity in accordance with the stipulation of undisputed facts. The defendant appeals from stated portions of the judgment of divorce.
The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see Gafycz v Gafycz, 148 AD3d 679; Castello v Castello, 144 AD3d 723, 726). The court may order maintenance in such amount as justice requires, considering, among other factors, the standard of living of the parties during the marriage, the distribution of marital property, the duration of the marriage, the health and present and future earning capacity of the parties, the ability of the party seeking maintenance to become self-supporting, and the reduced or lost lifetime earning capacity of the party seeking maintenance (see Domestic Relations Law § 236[B][6][a]; D'Alauro v D'Alauro, 150 AD3d 675).
Taking these factors into consideration here, the Supreme Court providently exercised its discretion in awarding the plaintiff maintenance for a period of eight years, in the sum of $2,200 per month for the first five years, and in the sum of $1,000 per month for the last three years (see Osman v Osman, 142 AD3d 978, 979; Sawin v Sawin, 128 AD3d 663, 663; Naik v Naik, 125 AD3d 734, 735; Kay v Kay, 302 AD2d 711). The court properly considered as one factor in awarding maintenance to the plaintiff the inheritance that the defendant was entitled to receive from his aunt's estate, even though the inheritance was the defendant's separate property and not subject to equitable distribution (see Domestic Relations Law § 236[B][6][a][1], as effective prior to L 2015, ch 269, § 4; Owens v Owens, 107 AD3d 1171, 1174; Carl v Carl, 58 AD3d 1036, 1037; Kay v Kay, 302 AD2d at 712). Additionally, contrary to the defendant's contention, because Hudson constituted a tangible income-producing asset, the court did not err in awarding the plaintiff a distributive share of Hudson in addition to maintenance (see Keane v Keane, 8 NY3d 115, 122; Palydowycz v Palydowycz, 138 AD3d 810, 813; Sutaria v Sutaria, 123 AD3d 909, 911; Shah v Shah, 100 AD3d 734, 735; Weintraub v Weintraub, 79 AD3d 856, 857).
Equitable distribution law does not mandate an equal division of marital property (see [*3]Scaramucci v Scaramucci, 140 AD3d 848, 849; Halley-Boyce v Boyce, 108 AD3d 503, 504). The equitable distribution of marital assets must be based on the circumstances of the particular case and the consideration of a number of statutory factors (see Domestic Relations Law § 236[B][5][d]; Holterman v Holterman, 3 NY3d 1, 7). "Those factors include: the income and property of each party at the time of marriage and at the time of commencement of the divorce action; the duration of the marriage; the age and health of the parties; the loss of inheritance and pension rights; any award of maintenance; any equitable claim to, interest in, or direct or indirect contribution made to the acquisition of marital property by the party not having title; and any other factor which the court shall expressly find to be just and proper" (Taylor v Taylor, 140 AD3d 944, 945-946; see Domestic Relations Law § 236[B][5][d]; Halley-Boyce v Boyce, 108 AD3d at 504). "A trial court is vested with broad discretion in making an equitable distribution of marital property, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Aloi v Simoni, 82 AD3d 683, 685 [internal quotation marks omitted]; see Saleh v Saleh, 40 AD3d 617, 617-618).
Here, considering the foregoing factors, the Supreme Court providently exercised its discretion in equitably distributing the marital assets. The plaintiff was properly awarded the sum of $105,250, representing a 25% share of the value of Hudson as of the date of commencement. Given the court's discretion to establish the valuation date of assets (see Taylor v Taylor, 140 AD3d at 946; Pappas v Pappas, 140 AD3d 838, 840), and the parties' stipulation as to the value of Hudson on the date of commencement, the court did not err in employing the date of commencement as the valuation date for Hudson (see Grabelsky v Handler, 127 AD3d 1141, 1142; Haymes v Haymes, 298 AD2d 117, 118). Contrary to the defendant's assertion, the court did not place undue emphasis on the inheritance that he was entitled to receive from his aunt's estate, and was permitted to consider the inheritance as a factor in equitably distributing the marital assets (see Domestic Relations Law § 236[B][5][d][4], [9]; Owens v Owens, 107 AD3d at 1174).
Furthermore, the defendant's contention that he was entitled to a separate property credit for his contributions to the down payment on the marital residence is without merit. The defendant's self-serving trial testimony that his aunt gave him a check in the sum of $50,000, that his uncle gave him the sum of $10,000, and that he used these funds toward the down payment, was unsupported by documentary evidence, and insufficient to establish his entitlement to a separate property credit (see Rosenberg v Rosenberg, 145 AD3d 1052, 1055; Horn v Horn, 145 AD3d 666, 667; Wasserman v Wasserman, 66 AD3d 880, 883). Additionally, the Supreme Court properly found that the defendant failed to present sufficient evidence tracing the source of any funds used to purchase the martial residence to the sale of certain stock, which was purportedly the defendant's separate property (see Maddaloni v Maddaloni, 142 AD3d 646, 652).
We decline the plaintiff's request to impose a sanction against the defendant for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
The parties' remaining contentions are without merit.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court