Weidman v Weidman (2018 NY Slip Op 04027)





Weidman v Weidman


2018 NY Slip Op 04027


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-11823
2016-02294
2016-05256
 (Index No. 26507/11)

[*1]Keith H. Weidman, appellant-respondent, 
v
Marnie I. Weidman, respondent-appellant.


Keith H. Weidman, Hauppauge, NY, appellant-respondent pro se.
Howard B. Leff, Garden City, NY, for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a decision of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated October 26, 2015, an order of the same court dated January 19, 2016, and a judgment of divorce of the same court entered April 14, 2016, and the defendant cross-appeals from the order and the judgment of divorce. The judgment of divorce, insofar as appealed from, upon the decision, made after a nonjury trial, directed the plaintiff to pay 70% of the parties' child's add-on expenses and future college expenses, awarded the defendant the sum of $250 per week in spousal maintenance for a period of 48 months, and awarded the defendant 50% of the marital property as her equitable share. The judgment of divorce, insofar as cross-appealed from, awarded the defendant the sum of only $10,442.91 for her contribution to the appreciation in value of the marital residence, and awarded the plaintiff his proportionate share of the defendant's retirement accounts. The order, insofar as appealed from, denied the plaintiff's application for an award of counsel fees and awarded the defendant counsel fees in the sum of $15,000. The order, insofar as cross-appealed from, granted the defendant's application for an award of counsel fees only to the extent of awarding her the sum of $15,000.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that on the Court's own motion, the notices of appeal and cross appeal from the order are treated as applications for leave to appeal and cross-appeal, and leave to appeal and cross-appeal are granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding the defendant counsel fees in the sum of $15,000, and substituting therefor a provision awarding the defendant counsel fees in the sum of $40,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the judgment of divorce is modified, on the law, on the facts, and [*2]in the exercise of discretion, (1) by deleting the provision thereof directing the plaintiff to pay 70% and the defendant to pay 30% of the child's future college expenses, and substituting therefor a provision denying, as premature, the defendant's application to set forth the parties' responsibilities for future college expenses, (2) by adding a provision thereto to reflect that the plaintiff's obligation for payment of child support will end upon the child's emancipation, (3) by deleting the provision thereof awarding the defendant the sum of $10,442.91 for her contribution to the appreciation in value of the marital residence, and substituting therefor a provision awarding the defendant the sum of $108,500 for her contribution to the appreciation in value of the marital residence, and (4) by deleting the provision thereof awarding the defendant the sum of $130,000 for her marital share of certain real property located on Old Nichols Road, Islandia, and substituting therefor a provision awarding the defendant the sum of $34,942.91 for her marital share of that real property; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff and the defendant were married in 2000, and have one minor child. The plaintiff, who was admitted to the New York State Bar in 1986, is a solo practitioner with a general law practice. After the birth of the parties' child, the defendant did not return to her full-time teaching position, but worked on a part-time basis earning approximately $30,000 annually. In September 2011, the plaintiff commenced this action for a divorce and ancillary relief. On August 20, 2015, the parties executed a custody and parenting time agreement in which they agreed to joint legal custody of the child, that the defendant would have residential custody, and that the plaintiff would have liberal parenting time. Thereafter, the action proceeded to trial on the issues of child support, maintenance, and equitable distribution of marital property. The parties agreed to post-trial submissions of counsel fee applications. In the order appealed from, the Supreme Court denied the plaintiff's application for an award of counsel fees, and granted the defendant's application for an award of counsel fees to the extent of awarding her the sum of $15,000. A judgment of divorce was entered on April 14, 2016. The plaintiff appeals, and the defendant cross-appeals, from the order and the judgment of divorce.
At trial, the plaintiff stipulated that his income was $100,000 for child support purposes, and does not raise any contentions with respect to the amount of his basic child support obligation, which the Supreme Court calculated was $259.44 per week (see Domestic Relations Law § 240[1-b]). We agree with the court's directive that the plaintiff pay his pro rata share (70%) of the child's add-on expenses (see Bruzzese v Bruzzese, 152 AD3d 563, 565; Matter of Byrne v Byrne, 46 AD3d 812, 815; Griggs v Griggs, 44 AD3d 710, 713-714). The court, however, should have denied, as premature, the defendant's request to allocate between the parties responsibility for the future college expenses of the parties' then 13-year-old child (see Marin v Marin, 148 AD3d 1132, 1136; Repetti v Repetti, 147 AD3d 1094, 1097; Dochter v Dochter, 118 AD3d 665, 666; Bogannam v Bogannam, 60 AD3d 985, 986). Additionally, the plaintiff correctly asserts that the judgment should be modified to reflect that the plaintiff's obligation for child support will end upon the child's emancipation (see Curatola v Curatola, 43 AD3d 974, 976).
In light of the plaintiff's stipulation regarding the amount of income for child support purposes, the Supreme Court providently exercised its discretion in imputing income of $100,000 to him for maintenance purposes (see e.g. Volkerick v Volkerick, 153 AD3d 885, 886; Diaz v Diaz, 129 AD3d 658, 659). The provisions of Domestic Relations Law § 236(B)(6)(a) that were in effect at the time of the commencement of the parties' action for divorce provided that "except where there is a valid agreement with respect to maintenance, the court may order maintenance in such amount as justice requires'" (Maddaloni v Maddaloni, 142 AD3d 646, 653, quoting Domestic Relations Law former § 236[B][6][a]; see Margolis v Cohen, 153 AD3d 1390, 1393). The amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its unique facts (see D'Alauro v D'Alauro, 150 AD3d 675, 676; Gafycz v Gafycz, 148 AD3d 679, 679). The factors to be considered are, among others, the standard of living of the parties, the income and property of the parties, the distribution of property, the duration of the marriage, the health of the parties, the present and future earning capacity of the parties, the ability [*3]of the party seeking maintenance to become self-supporting, the reduced or lost earning capacity of the party seeking maintenance, and the presence of children of the marriage in the respective homes of the parties (see Domestic Relations Law former § 236[B][6][a]; Chaudry v Chaudry, 95 AD3d 1058, 1059). Here, considering the relevant factors, awarding the defendant maintenance in the sum of $250 per week for a period of 48 months was a provident exercise of discretion.
The trial court is vested with broad discretion in making an equitable distribution of marital property and, unless it can be shown that the court improvidently exercised its discretion, its determination should not be disturbed (see Madu v Madu, 135 AD3d 836, 836; Lewis v Lewis, 118 AD3d 958, 959-960).
The record supports the Supreme Court's determination that the defendant did not engage in egregious conduct sufficient to affect the equitable distribution award (see Howard S. v Lillian S., 14 NY3d 431, 435-436; O'Brien v O'Brien, 66 NY2d 576, 589-590; Czaban v Czaban, 44 AD3d 894, 895; Levine v Levine, 37 AD3d 550, 551; Blickstein v Blickstein, 99 AD2d 287, 292).
We see no reason to disturb the Supreme Court's equitable distribution of a portion of a contingency fee that the plaintiff was paid after commencement of this action (see Block v Block, 258 AD2d 324, 325; Blechman v Blechman, 234 AD2d 693, 695-696). The plaintiff had agreed to accept a lump sum payment of $34,971, as well as a $240,000 structured settlement, as his attorney's fee in a case on which he worked from January 2004, through the beginning of January 2013. The court found that only the $240,000 structured settlement earned prior to commencement was marital property, to reflect that the defendant was not entitled to compensation for the work the plaintiff performed after the commencement of this action (see Klauer v Abeliovich, 149 AD3d 617, 623-624; Krifcher v Krifcher, 59 AD3d 392, 393). The court properly determined that the defendant's equitable share of the structured settlement payments was 50%, and that her distributive award should be reduced by 15% to account for the plaintiff's income tax liability (see Huffman v Huffman, 84 AD3d 875, 877). Moreover, the plaintiff's contention that the court engaged in "double counting" by distributing a portion of the contingency fee to the defendant in addition to maintenance is without merit, as the plaintiff's income for purposes of determining maintenance was based on imputation of his income admitted for purposes of child support. The contingency fee in the form of a structured settlement was treated as a one-time bonus outside the $100,000 of imputed income (see Keane v Keane, 8 NY3d 115, 121; Palydowycz v Paldowycz, 138 AD3d 810, 812; Sutaria v Sutaria, 123 AD3d 909, 911; Weintraub v Weintraub, 79 AD3d 856, 857).
Additionally, the Supreme Court providently exercised its discretion in awarding the plaintiff his proportionate share of the defendant's retirement accounts pursuant to the formula established in Majauskas v Majauskas (61 NY2d 481; see Scheriff v Scheriff, 152 AD3d 724, 725; Minervini v Minervini, 152 AD3d 666, 667-668). The plaintiff requested that the court award him a portion of the defendant's retirement accounts (cf. Halley-Boyce v Boyce, 108 AD3d 503, 505; Leichtner v Leichtner, 18 AD3d 446, 446; LeVigne v LeVigne, 220 AD2d 561, 562), and he met his burden of proving the value of the retirement accounts (cf. Repetti v Repetti, 147 AD3d at 1099; Seckler-Roode v Roode, 36 AD3d 889, 890).
We agree with the Supreme Court's determination that the defendant was entitled to an equitable share of the appreciation in the value of the marital residence over the course of the marriage, notwithstanding that the residence was the separate property of the plaintiff. "When the nontitled spouse makes direct financial contributions to the property and/or direct nonfinancial contributions to the property such as by personally maintaining, making improvements to, or renovating a marital residence,' or the appreciation is the result of both parties' efforts, appreciation due to those efforts constitutes marital property subject to equitable distribution" (Bernholc v Bornstein, 72 AD3d 625, 628, quoting Johnson v Chapin, 12 NY3d 461, 466; see Jones v Jones, 92 AD3d 845, 847). The record establishes that the appreciation in the value of the marital residence was attributable to the joint efforts of both parties (see Scher v Scher, 91 AD3d 842, 845; Mongelli v Mongelli, 68 AD3d 1070, 1072).
It was within the Supreme Court's discretion to accept the testimony of the [*4]defendant's expert that the marital residence had appreciated in value by $217,000 over the course of the marriage (see Diaco v Diaco, 278 AD2d 358, 359). However, we disagree with the court's determination to deduct $65,114.81 as the amount of the outstanding mortgage, since it was undisputed that all encumbrances on the marital residence had been satisfied prior to the commencement of the divorce action (see Beroza v Hendler, 71 AD3d 615, 617-618). Moreover, the plaintiff was not entitled to a credit in the sum of $131,000 for his contribution to the purchase of the marital residence. The marital residence was the plaintiff's separate property, except that only the appreciation of the marital residence constituted marital property subject to equitable distribution (see generally Fields v Fields, 15 NY3d 158, 167). Accordingly, the defendant is entitled to an award in the sum of $108,500 for her 50% share in the increased value of the marital residence.
The defendant acknowledges that her distributive award for the value of her marital share of certain real property located on Old Nichols Road in Islandia should be reduced by the sum of $65,114.18, to reflect the outstanding principal balance of the mortgage loan at the time of the trial (see Kilkenny v Kilkenny, 54 AD3d 816, 819; Newman v Newman, 35 AD3d 418, 419), as well as that the plaintiff was entitled to a separate property credit in the sum of $200,000 for the separate funds used to purchase the subject real property (see Ahearn v Ahearn, 137 AD3d 719, 720; Midy v Midy, 45 AD3d 543, 544-545). Accordingly, we reduce the defendant's distributive award for the value of her 50% marital share of the subject real property from $130,000 to $34,942.91.
For matrimonial actions such as this one, commenced on or after October 12, 2010, there is a statutory "rebuttable presumption that counsel fees shall be awarded to the less monied spouse" (Domestic Relations Law § 237[a]; see L 2010, ch 329, §§ 1, 3; ch 415; see also Teaney v Teaney, 138 AD3d 1301, 1303; Vantine v Vantine, 125 AD3d 1259, 1262). "[I]n exercising its discretionary power to award counsel fees, a court should review the financial circumstances of both parties together with all the other circumstances of the case" (DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881). In addition, the court may take into account whether either party has delayed the proceedings or engaged in unnecessary litigation (see Margolis v Cohen, 153 AD3d at 1393; Bruzzese v Bruzzese, 152 AD3d at 566; Marin v Marin, 148 AD3d at 1136). Here, as the plaintiff failed to rebut the presumption that the defendant, the less monied spouse, was entitled to counsel fees, the Supreme Court providently exercised its discretion in granting the defendant's application and denying the plaintiff's application. However, considering the overall financial circumstances of the parties and each party's conduct during the course of the litigation, the court should have awarded the defendant counsel fees in the sum of $40,000 (see Straub v Straub, 155 AD3d 919, 920; Ostrower v Ostrower, 148 AD3d 819, 820; Guzzo v Guzzo, 110 AD3d 765, 766).
The plaintiff's remaining contentions are either unpreserved for appellate review, academic, or without merit.
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court